IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              No. 4:12-cr-275-DPM-1

FREDDIE SOLANO                                                    DEFENDANT
Reg. No. 27295-009

ORDER

In July 2014, Freddie Solano pleaded guilty to conspiring to possess with intent to distribute methamphetamine. The Court sentenced Solano to 210 months' imprisonment—the low end of his advisory Guidelines range. Solano now seeks relief from his conviction and sentence. He makes four claims in his supplemented petition: (1) that his sentence shouldn't have been enhanced for possessing a firearm; (2) that a policy disagreement with the methamphetamine Guideline warranted a lower sentence; (3) that the search warrant affidavit in his case was insufficient; and (4) that there was insufficient evidence of his intent to distribute. *Doc. 278 & 288.* A hearing isn't necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

Solano admits that he didn't file his petition within one year of when the Judgment in his case became final. *Doc. 288 at 18*; 28 U.S.C. § 2255(f)(1). Instead, he argues that his petition is timely because he

filed it within one year of when the facts supporting his claims could have been discovered through due diligence. 28 U.S.C. § 2255(f)(4).

The Court disagrees. To invoke the limitations period in § 2255(f)(4), Solano "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006). Claims 1, 3, and 4, however, are based on facts that were available at the time of Solano's guilty plea and sentencing. And Claim 2 is based on newly discovered law, not previously unavailable facts. *E.J.R.E.*, 453 F.3d at 1098; *see also Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). Solano's claims are therefore untimely.

The heart of Solano's argument is that an equitable exception should apply. He first argues that his petition should proceed because he only recently learned about the disagreement over the methamphetamine Guideline. *Doc. 288 at 17–18*. But "even in the case of an unrepresented prisoner alleging a lack of knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F3d 460, 463 (8th Cir. 2000). Further, the statute of limitations can be equitably tolled only if Solano pursued his rights diligently. The policy disagreement Solano relies on is not new. *E.g., United States v. Hayes*, 948 F. Supp. 2d 1009, 1015 (N.D. Iowa 2013). And Solano hasn't pointed to anything that prevented him from discovering it sooner.

Solano also argues that the Court should excuse his untimeliness because he's actually innocent. But an actual innocence claim requires Solano "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Further, the exception applies only if "new evidence shows it is more likely than not that no reasonable juror would have convicted" Solano. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quotation omitted). Solano hasn't pointed to any new evidence, let alone evidence that convincingly shows his innocence.

\* \* \*

Solano's petition, as supplemented, is time-barred. *Doc. 278 & 288*. And neither equitable tolling nor actual innocence apply to excuse the untimeliness. His petition will therefore be dismissed with prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

29 April 2021